JACOBS & DAVIES, Inc., v. ANDERSON, Collector of Internal Revenue.

(Circuit Court of Appeals, Second Circuit.   November 9, 1915.) •

No. 43.

INTERNAL REVENUE ☞9—EXCISE TAX ON CORPORATIONS—NET INCOME.

Two civil engineers formed a corporation for the prosecution of their business, with which they entered into a contract to devote their services to the business for stated salaries and providing that the net surplus profits should also be divided between them on the basis of their stockholding.   *Held*, that the amount so divided could not be considered as compensation for services and as such deducted from the income of the corporation as an expense of the business, but that it constituted net profits of the corporation subject to the excise tax imposed by Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (Comp. St. 1913, § 6300).

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28;  Dec. Dig. ☞9.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Jacobs & Davies, Incorporated, against Charles W. Anderson, Collector of Internal Revenue, Second District of New York. Judgment for defendant, and plaintiff brings error.   Affirmed.

On writ of error to review a judgment entered March 3, 1915, upon a verdict in favor of the defendant pursuant to the direction of the court.

Guthrie, Bangs & Van Sinderen, of New York City (Howard Van Sinderen and Thomas C. Curtis, Jr., both of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Ben A. Matthews, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   This action was brought to recover under the corporation tax law of 1909 sums aggregating $3,829.29 paid under the protest of the plaintiff, as taxes for the years 1909 and 1910.   The business of the corporation, which was incorporated in April, 1909, is civil engineering, which business had previously been carried on by the parties individually.   Prior to the enactment of the Corporation Tax Act of August 5, 1909, the partners entered into an agreement with the corporation to devote their time and energies to the corporation for a salary of $6,000 to be paid to each.   The corporation also agreed to pay them on a percentage basis the net surplus profits, as defined in the agreement.   The sixth clause of the agreement is as follows:

"In determining the amount of net surplus profits for division and distribution between the parties of the first and second parts under the terms of this agreement, the receipts shall be charged with the expense of conducting the business of the corporation, including said salaries and every share of profits which may be paid as compensation for services, except as hereinabove provided, and ten per centum of the remaining surplus profits shall be carried

to the credit of the dividend account, and declared and paid as a dividend on the capital stock of the corporation. The credit balance which shall then remain will be net surplus profits distributable under the terms of this agreement as above provided."

The amounts paid to the partners as "further compensation" was, during 1909, $73,136, during 1910, $204,810, and during 1911, $114,-986.

The trial judge held that the parties by a series of agreements divided everything received as profits among themselves as though it were a case of partnership and not of corporation assets. They called these sums "compensation," but the court held that they must be treated as income of the corporation. To enable the company to deduct these amounts it must appear that they were paid as salaries for services actually rendered. If the payments were based upon the stockholdings of the parties, as we think they were, they cannot be considered as expenses of administration. They were not compensation, because the salaries of both the parties are fully provided for in the agreement of April, 1909. It seems plain that they were profits of the business and as such were subject to the tax. Their payment did not depend on the services rendered. Whether the stock was distributed among a large number of holders or only two, it can hardly be maintained that the amount paid out in dividends should be deducted in order to ascertain the amount of the net income of the corporation. That must be determined by deducting from the gross amount of the income all ordinary and necessary expenses actually paid within the year. The distribution of surplus profits was not an ordinary and necessary expense paid in the maintenance and operation of the business.

The judgment is affirmed.