**WOOD & EWER CO. v. HAM, Collector of Internal Revenue.**

(District Court, D. Maine, N. D. September 29, 1926.)

**1. Internal revenue ⬤⟶25.**

Assessment of taxes by officials of the United States charged with the duty of assessment is prima facie valid.

**2. Internal revenue ⬤⟶4.**

A departmental regulation prescribing the manner of making inventories by a taxpayer must receive a strict construction.

**3. Internal revenue ⬤⟶25—Inventory by income taxpayer held to substantially comply with regulations (Revenue Act 1918, § 203 [Comp. St. § 6336⅛c]).**

Regulations of the Commissioner of Internal Revenue, art. 1582, issued under Revenue Act 1918, § 203 (Comp. St. § 6336⅛c), requiring inventories made by income taxpayers to be at cost or market value, whichever is lower, item by item, *held* to have been substantially complied with by plaintiff, and the market value of articles inventoried to be as accurately given as the nature of the case permitted.

**4. Internal revenue ⬤⟶38(12).**

Evidence in action to recover income taxes paid under protest *held* to show that salaries returned as paid during a tax year were reasonable and properly deducted from income as an expense.

At Law. Action by the Wood & Ewer Company against Frank J. Ham, Collector of Internal Revenue. Judgment for plaintiff.

Frank Fellows, of Bangor, Me., for plaintiff.

Frederick R. Dyer, U. S. Atty., of Portland, Me., for the United States.

HALE, District Judge. This is an action at law to recover income taxes paid by the plaintiff under protest; $4,599.38 for the year 1919, and $4,657.20 for the year 1920. The plaintiff, having its residence at Bangor, Me., alleges that it made the above payments on June 16, 1924, and that such payments constituted an overassessment.

By the government records it appears that the plaintiff corporation, in March, 1920, filed its return for the year ending December 31, 1919, in which it showed an inventory of $81,192.15 as the value of goods and stock. On May 21, 1924, an additional tax was assessed upon it in the sum of $4,599.38 for the year 1919. The assessment was based upon an adjusted value of its inventories, which was increased by 25 per cent. of the amount previously returned. In 1920, by its return, it deducted, as its closing inventory, the sum of $78,598.82;

it also deducted the sum of $22,600 for officers' salaries for that year. On May 21, 1924, the closing inventory was increased from $78,598.82, as shown on the return of the corporation, to $104,798.42. A tax was assessed upon the difference in the two inventories. In the same year, the sum deducted by the corporation for officers' salaries, namely $22,600, was decreased by the government to $9,100, making a disallowance of $13,500. The tax assessed was paid under protest. An application for refund was made and refused by the committee on tax appeals, and by the Commissioner of Internal Revenue. This suit is brought to recover the sum paid as additional assessment of taxes for the two years, 1919 and 1920.

For the year 1919, the question at issue arises upon the plaintiff's method of keeping its inventory. For the year 1920 the question relates both to inventory and to salaries.

Section 203 of the United States Revenue Act of 1918 (Comp. St. § 6336⅛c), provides as follows:

"Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

A regulation, issued in 1920, relating to income taxes under the Revenue Act of 1918, contains the following:

"Art. 1582. *Valuation of Inventories.* Inventories should be valued at (a) cost, or (b) cost, or market, whichever is lower. Whichever basis is adopted must be applied to each item and not merely to the total of the inventory; that is, if for instance basis (b) is adopted, the value of each item in the inventory will be measured by market if that is lower than cost, or by cost if that is lower than market. * * * *"

[1] The assessment of the taxes by the officials of the United States, charged with the duty of assessment, is prima facie valid. The burden is on the taxpayer to establish, by a fair preponderance of evidence, that the assessment is not correct, and that the tax is not a valid tax. Anderson v. Farmers' Loan & Trust Co., 241 F. 322, 329, 154 C. C. A. 202; Germantown Trust Co. v. Lederer (C. C. A.) 263 F. 672, 676.

1. The first question arises upon the as-

sessment for 1919. The regulation makes it incumbent upon the plaintiff to present an inventory "valued at (a) cost, or (b) cost or market, whichever is lower. Whichever basis is adopted must be applied to each item and not merely to the total of the inventory."

The plaintiff says that it has made its inventory in compliance with the above provision; that it carried out each item in the inventory; that it took its reduction on each item, in some cases article by article, and in some cases by applying a reasonable discount, such discount being shown by affirmative testimony to have arrived at a fair market value; that it applied its basis of valuation to each item, and not to the total; that it was pursuing the method which the government had allowed the company to pursue for several years; that the result was favorable to the government, rather than to the corporation; and that it is a fair method of finding market value.

The defendant urges that, upon the evidence, a flat discount of 25 per cent. was taken from cost to determine the market value, the market being lower than cost, and that such a method was not allowable under the regulations, and did not show such market value as contemplated by the law, that the method followed by the plaintiff, even though it may have produced a result nearly correct, was not allowable under the law, and that the Commissioner properly restored the inventory to cost, such being the only market value on which the tax could be assessed.

The learned counsel for the defendant urges that, while the actual inventory returned by the taxpayer may have been close to the market, it is not a "market inventory," and must be disallowed.

The plaintiff introduces the testimony of the buyers for the company. These ladies testified that they knew the market; that they went to New York frequently and were familiar with the cost prices and sale prices, and that the figures in the inventory represented, according to their best judgment, a fair market value of the articles on hand; that they conferred together and placed a fair market value upon the stock, in some instances article by article, and in others department by department, and that the discount which they took upon some of the items was such as, to the best of their ability, represented a fair market value of the goods.

It was shown by the testimony of competitors in business that the figures arrived at as the fair market value for the years 1919 and 1920 were altogether in favor of the government; that, even in cases where the 25 per cent. discount was made, the market was lower than the figures arrived at by the plaintiff in its inventory; that fixing a local market value is difficult and at best a matter of judgment; that, while the market value is said by some witnesses to have been arrived at "by guess," it appears that such "guess" represented the fair estimation of the witnesses.

It is shown by evidence that the government tax inspector recognized the difficulty of arriving at market value; that he made a report to the government holding that percentage markdowns of inventories were not allowable under the regulations, but saying that "it is impossible to ascertain the exact market value of the goods in this inventory, which consisted of thousands of articles of ladies' wearing apparel, varying in quality, style, and fabric, particularly at a time when prices were dropping rapidly."

[2] It is not altogether easy to give the proper interpretation to the regulation. Such a regulation must receive a strict construction. Shwab v. Doyle, 258 U. S. 529, 536, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454. It cannot mean that the government expects a market value to be assigned in detail to each item, enumerating each item. The purpose of the regulation is, I think, to provide that each item must be set down separately in the inventory, so as to give the government the opportunity to examine in detail, and to present testimony upon every item if it chooses, and to contradict any testimony offered by the plaintiff.

[3] The record shows that the plaintiff carried the inventory, department by department, each article being identified by stock number; that the cost price of each article was carried out; that the year when each article was purchased was indicated; that, in arriving at the market value of the goods at the end of each year, in some departments the discount was taken on the department as a whole, and, in every case, each box containing the article was removed from the shelf, identified, the number of articles it contained was called off by one person and the number and the cost price written down by another.

The learned counsel for the defendant cites the case of the Farmers' Hardware Company, No. 2, Board of Tax Appeals, in which case the Commissioner restored the taxpayer's inventory to cost under circum-

stances claimed to be similar to those in the case at bar. He cites also In When Clothing Company, 1 Board of Tax Appeals, and the case of Orkin Bros., 2 Board of Tax Appeals.

I am unable to obtain much aid from the cases cited. In each case the decision seems to have been based upon facts in some respects unlike those now before me. In the instant case the witnesses for the plaintiff were subjected to careful and critical cross-examination by the able and experienced counsel for the government. No witnesses were produced to contradict the testimony offered by the plaintiff or to show that its witnesses were mistaken as to the market value of the articles in the inventory, although each item was set out in the inventory, and a full opportunity was given to question the good faith of the witnesses, and to challenge the result reached by them.

I am constrained to find that the plaintiff made a substantial compliance with the law and with the regulation under which the inventory in question was made, and that the market value arrived at by the plaintiff represented the fair market value of the articles in question.

[4] 2. The government says that the salaries paid in 1920 were unreasonable; that the salaries paid to the parties in question were, in 1917, $4,090; in 1918, $6,001; in 1919, $14,986; and in 1920, $22,600; that those salaries went up from 1919 to 1920 about $7,000, and between 1918 and 1920 they went up $16,000. There was affirmative evidence produced before the court by the plaintiff, and uncontradicted by the government, that the salaries paid to the parties in question in 1920 were reasonable salaries, and that they were intended to pay for services actually rendered; that the corporation for the year 1918 had a $300,000 business, and for the year 1919 a $354,000 business. The testimony of apparently unprejudiced witnesses tends to show that at the time in question the head people in stores like that of the plaintiff's, under similar circumstances, received as salaries from 6 to 8 per cent. of the gross receipts. Here, again, the witnesses were subjected to careful cross-examination. The government offered no testimony to contradict them or to show that the salaries were unreasonable.

In Jacobs & Davies v. Anderson (C. C. A. 2d Circuit) 228 F. 505, 143 C. C. A. 87, the court found that the salaries did not depend upon services rendered, and that such salaries were paid to officers who did very little to earn their salaries. In the instant case it is affirmatively shown that the salaries were paid for services rendered, and that the persons receiving the salaries performed difficult and important labor for the company. In the case just cited and in U. S. v. Philadelphia Knitting Mills Co. (C. C. A.) 273 F. 657, 15 A. L. R. 1313, the court assumed that questions relating to salaries were to be decided upon the testimony of competent witnesses, upon a preponderance of evidence.

I am of the opinion that the plaintiff has shown, by a fair preponderence of the evidence, that the salaries in question were reasonable, and are entitled to be deducted as an expense of the company for the year 1920 in its income tax return for that year.

No question is raised as to the payment under protest on June 16, 1924, of the sums named at the outset of this opinion.

Judgment may be rendered to the plaintiff for the sum of $9,256.58, with interest at 6 per cent. from June 16, 1924.