## S. G. SAMPLE CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
January 24, 1928.

No. 5211.

**Internal revenue** ⊂⊃25—**Owner of retail stock of merchandise held entitled to make reasonable deduction from total of cost price inventory in returning market value (Revenue Act 1918, § 203 [Comp. St. § 6336⅛c]).**

Where return of owner of a retail stock of merchandise under Revenue Act 1918, § 203 (Comp. St. § 6336⅛c), some of which was bought in previous years, contained an inventory at cost prices, and made a deduction of a percentage of the total in stating the market value, such owner is not precluded from showing by evidence that such deduction was reasonable, and made by the method in general use, and the action of the Board of Tax Appeals in disregarding such evidence and disallowing any deduction *held* arbitrary and unwarranted.

Petition for Review of Decision of Board of Tax Appeals.

Petition by the S. G. Sample Company, Limited, against the Commissioner of Internal Revenue for review of decision of United States Board of Tax Appeals for the Western District of Louisiana. Decision reversed.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and L. W. Scott, office of Gen. Counsel

Bureau of Internal Revenue, and C. M. Charest, Gen. Counsel Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The petitioner, a Louisiana corporation engaged in the retail merchandise business, dealing in hardware, shoes, clothing, dry goods, and groceries, by appeal to the Board of Tax Appeals complained of the action of the Commissioner of Internal Revenue in increasing petitioner's taxable income for the year 1920 in the amount of $12,078.52, by adding that amount to the total amount of petitioner's inventory of goods or merchandise on hand at December 31, 1920, as shown on petitioner's original return for the year 1920. That amount was 25 per cent. of the total cost of goods shown on petitioner's inventory of goods on hand on December 31, 1920, which was inventoried at cost less the 25 per cent. Merchandise on hand at the close of that calendar year had been purchased in 1920, 1919, and some in earlier years. It appears from the finding of facts and opinion of the Board of Tax Appeals that its approval of the disallowance of the deduction from cost was based on the fact that the inventory as taken did not state separately cost and value of each item; only the cost of each item being separately stated, the 25 per cent. deduction being made from the aggregate amount of the costs of the items listed.

Evidence adduced before the Board of Tax Appeals was without conflict to the effect that the method adopted by the petitioner in taking the inventory is the one generally used by retail merchants; that all the classes of goods included in petitioner's stock greatly decreased in market value after they were purchased, the rate of decline being different in different classes of goods; and that the average decline was such that the market value of the stock of goods on December 31, 1920, was at least 25 per cent. less than the cost thereof.

The Revenue Act of 1918 contains the following:

"Sec. 203. That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income." 40 Stat. 1060 (Comp. St. § 6336⅛c).

A regulation, prescribed pursuant to that provision, requires the taxpayer to take his inventory at "(a) cost; (b) market, whichever is lower." Regulation 45, art. 1582. So far as we are advised, there was no prescribed requirement as to describing or identifying articles listed, further than by naming them and stating their number and cost, or as to the manner of ascertaining or disclosing market value, when the inventory is taken at market. A list of the articles contained in a stock of merchandise, stating as to each item the name, number, and cost thereof, is an inventory, and is not kept from being an inventory taken at market because a separate market value is not assigned to each article, and the market value of the stock was arrived at by a percentage deduction from the cost of the stock as a whole. Southern Fire Insurance Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; Wood & Ewer Co. v. Ham (D. C.) 14 F.(2d) 995. It cannot reasonably be said that it is incapable of being proved by evidence that at a given time there had been such a change in the market values of the articles comprising a retail merchant's stock, consisting of hardware, shoes, clothing, dry goods, and groceries, that the market value of the stock at that time could be arrived at with reasonable accuracy by adding to or deducting from the total cost of the stock a stated percentage of such cost. The effect of the ruling in question was to deprive the petitioner of the opportunity to prove by competent evidence that the market value of its stock on December 31, 1920, was 25 per cent. less than the cost of that stock shown by an inventory thereof taken in the customary way. We think that ruling was erroneous.

Because of that error, the order or judgment under review is reversed.