**GENERAL ACC. ASSUR. CO., Limited, v. CALDWELL.**

**No. 6668.**

Circuit Court of Appeals, Ninth Circuit.
June 20, 1932.

Petition for Rehearing and Motion for Writ of Certiorari for Diminution of Record Denied Aug. 15 1932.

Myrick & Deering and Scott, Frank P. Deering and James Walter Scott, all of San Francisco, Cal., for appellant.

Ford Johnson & Bourquin, of San Francisco, Cal. (M. Mitchell Bourquin and Clinton L. Markley, both of San Francisco, Cal., of counsel), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

Roy T. Caldwell, plaintiff and appellee herein, recovered a judgment in the superior court of the state of California against one Charles Roehm for the sum of $5,124.51 for injuries received on account of being struck by a Willys-Knight automobile owned and operated by the said Charles Roehm. At the time of said accident Charles Roehm carried a policy of public liability insurance upon said automobile with the defendant, General Accident Assurance Corporation, Limited, providing for a coverage in the amount of $20,000 for injuries to any one person. This policy of insurance was taken out by Charles Roehm and placed with the defendant insurance company through Ralph T. Goldsmith, an insurance broker in the city and county of San Francisco, at the latter's solicitation, and the premiums were paid by Roehm to Goldsmith and by Goldsmith to the defendant insurance company. Likewise the policy of insurance was delivered by the defendant insurance company to Goldsmith for delivery to said Charles Roehm, which delivery to Roehm was made prior to the date of the accident. The judgment for $5,124.51 having become final and no part of it having been paid, Roy T. Caldwell, appellee herein, brought this suit on the said judgment against the General Accident Assurance Corporation, appellant herein. By way of defense, it was alleged in the answer that the insured, Charles Roehm, did not give immediate notice of the accident to it as required by the policy. The District Court gave judgment for the plaintiff and the defendant has appealed. The appellant claims that appellee has failed in both allegation and proof in that he has neither alleged nor proved that the assured was bankrupt or insolvent. This claim is based upon section 1, ch. 367, California Laws of 1919, p. 776, which is as follows:

"Chapter 367. An act relating to actions against an insurance carrier when the insured person is insolvent or bankrupt, or without property sufficient to satisfy execution on account of loss or damage insured against,

474

and requiring policy to be exhibited in certain cases.

"(Approved May 21, 1919. In effect July 22, 1919.)

"The people of the State of California do enact as follows:

"Section 1. No policy of insurance against loss or damage resulting from accident to, or injury suffered by another person and for which the person insured is liable other than a policy of insurance under the workmen's compensation, insurance and safety act of 1917 or any subsequent act on the same subject, or, against loss or damage to property caused by horses or other draught animals or any vehicle, and for which loss or damage the person insured is liable, shall be issued or delivered to any person in this state by any domestic or foreign insurance company authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy and stating that in case judgment shall be secured against the insured in an action brought by the injured person or his heirs or personal representatives, in case death resulted from the accident, then an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person, his heirs or personal representatives as the case may be, to recover on said judgment. Upon any proceeding supplementary to execution, the judgment debtor may be required to exhibit any policy carried by him insuring against the loss or damage for which judgment shall have been obtained."

█ This proviso does not make the liability of the insurance company dependent upon the bankruptcy or insolvency of the insured; on the contrary, it expressly provides that such bankruptcy or insolvency shall not release the insured and was evidently enacted to meet the situations which resulted from contracts of insurance indemnifying the assured from loss, where it was held that there was no loss until payment of liability, and consequently in cases of bankruptcy there was no loss and no right of recovery. The purpose of the statute was to make it clear that where the action was brought against the company by the injured party, bankruptcy of the insured would be no defense. The main question involved in this appeal is whether or not the insured complied with the provision of the policy regarding the giving of notice to the insurance company, which provision reads as follows: "D. Notice of Accidents. The assured shall give immediate written notice or notice as soon as is reasonably possible of any accident, irrespective of whether any personal injury or property damage is apparent at the time, and like notice of any claim and immediate written notice of any suit resulting therefrom and every such notice together with every summons or other process must be forwarded to the home office of the corporation or to its authorized agent."

On the reverse side of the policy as it is folded there is the following: "Important. You are required under the terms of this policy to report each accident promptly whether trivial or not, and whether or not you think you are at fault. If possible, first telephone immediately a representative of the corporation located in the city where the accident occurs, then follow up with a completed notice promptly thereafter."

The evidence in the case at bar shows that Charles Roehm owned and operated about ten cars and handled all matters regarding insurance thereon through Mr. Goldsmith and reported all accidents to him. On the morning following this particular accident Mr. Roehm talked with Mr. Goldsmith by telephone, discussed the accident with him, and Mr. Goldsmith said, "All right, we will take care of you." About three weeks later some one from another insurance company called Roehm by telephone and asked him about an accident to his Buick car. There had been no accident to the Buick, so Roehm went immediately to see Goldsmith and discovered that he had confused the cars and reported the accident to the company carrying the insurance on the Buick. Goldsmith immediately made a written report of the accident and he and Roehm went to the office of the defendant insurance company where he delivered the report to Murray, the claims manager of defendant company, and discussed the accident with him. This was on December 8, 1926, twenty-six days after the accident which occurred on November 12, 1926.

█ The briefs are in the main directed to the question of the sufficiency of the evidence to support the findings as to notice and waiver thereof. As no exceptions were taken to these special findings of the court, and no requests were made by the appellant for special findings, this point is not available to the appellant. Grainger Bros. Co. v. Am-

sinck & Co. (C. C. A.) 15 F.(2d) 329; Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63; Maryland Casualty Co. v. Jones (C. C. A.) 35 F.(2d) 791; First Nat. Bank of San Rafael v. Philippine Ref. Co. (C. C. A.) 51 F.(2d) 218; Gillespie et al. v. Hongkong & Shanghai Bank Corp. (C. C. A.) 23 F.(2d) 671; McMillan v. National Wool W. & S. Co. (C. C. A.) 28 F.(2d) 793; People's Bank of Keyser v. International Finance Corp. (C. C. A.) 30 F.(2d) 46. Findings Nos. II and VII are to the effect that notice was given to the appellant through its duly authorized agent immediately after the accident on November 12, 1926. Several assignments of error are predicated upon rulings made on objections to evidence as to the custom of liability insurance companies doing business in San Francisco, to accept notices given by the assured to the broker who had procured the insurance. A soliciting agent or broker is usually the agent of the insured in negotiations for the policy, but when the policy is delivered to the insured that agency terminates. In future dealings between the insured and the insurer through the broker, whether the broker is acting for the insured or as agent of the insurer will depend on the special circumstances proved. It has been held that where it was the established custom among insurance companies for the broker who had solicited the insurance to receive notice of the accident, and such notice was acted upon without objection from the insurance company which knew of the custom, such notice to the broker would be a sufficient notice to the company. Pringle v. Ætna Life Ins. Co., 123 Mo. App. 710, 101 S. W. 130; Boston Store v. Hartford Acc. & Ind. Co., 227 Ill. App. 192.

The evidence as to custom was admissible as tending to show that the broker acted as agent for the insurance company in receiving and acting upon the notice of the accident. The evidence concerning the transactions between the insured and the broker was relevant for the same purpose. The trial court found it to be a fact that he was so acting, which finding appellant is not in position to challenge.

The evidence of Goldsmith that twenty-seven days was not an unreasonable delay was incompetent, but in view of the finding of the court as to notice immediately after the accident is not prejudicial.

Appellant assigns as error the admission of the testimony of the witness Goldsmith, to the effect that Wentz, the general agent of the insurance company, stated to him, "I don't think we will stand on delayed notice, * * *" in response to a letter from Goldsmith to the insurance company explaining that the cause of the delay was Goldsmith's mistake in notifying the wrong insurance company. This was clearly admissible, and no argument is offered by appellant to sustain this assignment and specification.

Since there is no prejudicial error in the admission of evidence and the sufficiency of the evidence to support the findings is not reviewable, the judgment will be affirmed, as the findings made are amply sufficient to support the judgment.

Judgment affirmed.