RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; SUCRS. DE TRUJILLO Y SUBIÑÁ, *S en C.*, Intervener.

No. 219. Argued November 7, 1949.—Decided November 23, 1949.

*Vicente Géigel Polanco, Attorney General (Luis Negrón Fernández, Former Attorney General,* on the petition for certiorari) and *Elmer Toro Lucchetti, Assistant Attorney General,* for petitioner. *Juan Enrique Géigel* and *Guillermo Silva* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In his capacity as Treasurer of Puerto Rico, the petitioner notified the intervener Sucrs. de Trujillo y Subiñá, income tax deficiencies for the years 1936, 1937, 1938, and 1939. After certain administrative steps were taken, and after resort was had to the Tax Court and the parties heard, said court rendered decision which in essence favored the taxpayer. At the instance of the Treasurer we issued the present writ of certiorari to review said decision, although only regarding the items of $20,248.64 and $16,138.79 paid by the intervener to its two managing partners in 1938 and 1939, respectively. The contention of the taxpayer is that said items are deductible by it as "ordinary and necessary expenses" of its business, since the same were paid as salaries for services actually rendered by the managing partners Rafael Torres Alberti and Rafael Angel Torres Canet,[1] while

---

[1] From the amount of $20,248.64 paid by the partnership to its managing partners in 1938, $15,186.48 belonged to Torres Alberti and $5,062.16 to Torres Canet; and of the $16,138.79 paid by the latter in 1939, $12,104.10 belonged to the former and $4,034.69 to the latter.

that for the Treasurer is that there is no right to such deductions as it merely involved a distribution of profits inasmuch as in the deed of partnership it does not appear as agreed that the managing partners would be entitled to a salary for the services rendered to the taxpayer. The Tax Court reached the conclusion that the payment of salaries and not a distribution of profits was involved and, consequently, that the deductions claimed were proper. That is, indeed, the only question in controversy. We shall forthwith discuss it:

█ Section 32 (a) (1) of Act No. 74 of August 6, 1925 (Sess. Laws, p. 400), as amended by Act No. 30 of April 26, 1932 (Sess. Laws, p. 254) provides in its pertinent part that: "In computing the net income of a corporation or partnership subject to the tax imposed by section 28 there shall be allowed as deductions: (1) All ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, *including a reasonable allowance for salaries or other compensations for personal services actually rendered, . . .*" (Italics ours.)

In *F. Bacó Soria & Hno.* v. *Tax Court*, 64 P.R.R. 84, this Court held that pursuant to the provisions above copied the salaries paid by a partnership to its members are deductible from its income, provided the partners have actually rendered services to the partnership and that the salaries paid are reasonable. In the instant case, however, it is an admitted fact that the partners rendered services to the partnership. The reasonableness of the salaries is not in controversy.

██ By public deed executed in 1923, Rafael Torres Alberti and Manuel Fernández González, as managing partners, and José Trujillo Pizá, as silent partner, constituted a limited partnership under the firm name Sucrs. de Trujillo y Subiñá, *S. en C.* By another deed executed in 1929, the term of duration of the partnership was extended.[2] In 1945

---

[2] In the third clause of the deed executed in 1929 it was stipulated "that the profits shown after each balance, shall be distributed, FIFTY PER

a new deed for the admission of partners and modification of the partnership was executed the effects of which were made retroactive to September 1, 1937. Since then, the only managing partners of Sucrs. de Trujillo y Subiñá have been Rafael Torres Alberti and his son, Rafael Angel Torres Canet. In this new deed it was recited in its fifth clause that the profits of the partnership would be distributed in the following manner: "50 per cent for capital and 50 per cent for services, . . ." and also that "the losses shall be fully distributed in proportion to the respective capital of the partners."

During the years 1938 and 1939 the partnership had profits and in consonance with what was agreed, it distributed 50 per cent thereof among the partners furnishing the capital and the remaining 50 per cent between its two managing partners, on the basis of 75 per cent of said 50 per cent for Rafael Torres Alberti and a 25 per cent of said 50 per cent, for Rafael Angel Torres Canet.[3] The amounts thus paid were deducted by the partnership as ordinary and necessary expenses of the business, relying on the fact that the same constituted salaries for services actually rendered by the partners. On the ground above stated the Treasurer rejected those deductions.

In cases of this sort the main question to be determined is whether the amounts paid by the partnership to the partners constitute reasonable salaries for the services rendered. That is, of course, a question of fact which should be determined in accordance with the peculiar circumstances of each particular case. *Miller Mfg. Co.* v. *Commissioner*, 149 Fed. (2d) 421, 33 A.F.T.R. 1383. However, we repeat, the reasonableness of the salaries, if considered as such, is not in-

---

CENT (50%) among all the partners in proportion to their respective capital and the other FIFTY PER CENT (50%) to be distributed among the managing partners."

[3] According to the evidence a greater percentage was paid to Torres Alberti since he had been longer in the partnership and was better acquainted in the business thereof than the other partner Torres Canet.

volved herein. The question actually to be determined is whether due to the manner in which the payments were made the same should be considered as salaries or as a distribution of profits. If they were salaries the partnership would be entitled to deduct them as operating expenses, but not so if they appear to be a distribution of profits.

During the trial held in the Tax Court, the intervener introduced oral and documentary evidence tending to show that although in the deed of partnership, to which we have referred, it appears that 50 per cent of the profits would be distributed in accordance with the capital contributed and the remaining 50 per cent between the managing partners for their services, the partners verbally agreed that the 50 per cent to be distributed for the services rendered would be considered as partners' salaries and that such profits would be distributed on the basis of 75 per cent of the said 50 per cent for Rafael Torres Alberti, who had been longer in the firm, and 25 per cent of the said 50 per cent for Rafael Torres Canet, who was younger and whose entrance in the partnership was relatively recent; that the partners were authorized to withdraw weekly a certain sum for their personal expenses, said sum being charged to their individual accounts and that the total amount paid to the managing partners during the years in question was deducted from the partnership income before its net income was determined, the corresponding entries in which those amounts were credited to the partners as "compensation paid to them for the management and administration work according to the deed of partnership" appearing from its ledger; and that all the acts of the partners and of the accounting entries were ratified by the first clause of said deed. The evidence for the intervener also tended to show that both managing partners gave all their time to the partnership and that according to the latter, the amount received by both of them as salaries was reason-

able. The Treasurer only introduced in evidence the returns of the taxpayer corresponding to prior years and to the two years in controversy herein.

With that evidence the Tax Court held, as we have already stated, that the amounts thus paid by the partnership to its managing partners should be considered as salaries and therefore, that the same were deductible by the partnership as ordinary and necessary expenses paid or incurred by it during the taxable year in the operation of its business. It cited in support of its views the case of *William S. Gray & Co.* v. *United States*, 35 Fed. (2d) 968 and others which appear in Prentice-Hall, Federal Tax Service, 1948, Vol. 2, § 11, 777.

When the total or partial compensation to the partners or to the directors of a corporation depends on the capital contributed by the former to the partnership or on the number of shares that the latter own in the corporation, such form of compensation has been looked with great caution and has always been closely scrutinized, and generally it has been considered as a distribution of earnings and the sums thus paid have not been allowed to be deducted as ordinary and necessary expenses of the business. *Am-Plus Storage Battery Co.* v. *Commissioner*, 35 Fed. (2d) 167; *Jacobs & Davies* v. *Anderson*, 143 C.C.A. 87, 228 Fed. 505; *United States* v. *Philadelphia Knitting Mills Co.*, 273 Fed. 657, 15 A.L.R. 1313; Prentice-Hall, op. cit., § 11, 706; *Connellsville Central Coke Co.* v. *Commissioner*, 27 B.T.A. 771 and cases cited at p. 780. In the instant case, however, the amounts received by the managing partners did not depend in any manner on their contribution to the partnership capital. Their compensation exclusively depended on their work and on the resulting profits at the end of the year. In cases of that nature the situation is completely different and the partnership is entitled to be permitted to deduct the amount thus received by the partners as salaries and operating expenses. *California Vegetable Concentrates, Inc.* v. *Commissioner*, 10 T.C.

1158; Merten's Law of Federal Income Taxation, Vol. 4, § 25.46, pp. 398, 399.

However, we are not holding that in every case a distribution of profits as made by the taxpayer in the present case should be necessarily considered as salaries, and consequently, that the sums paid are deductible as ordinary and necessary expenses incurred in the operation of the business, inasmuch as it frequently happens· that the sums paid by the partnership and received by the partners are entirely out of proportion to the services rendered. Cf. *Botany Mills* v. *United States*, 278 U. S. 282, in which it was stated at p. 292 the following:

"However this may be, it is clear that extraordinary, unusual and extravagant amounts paid by a corporation to its officers in the guise and form of compensation for their services, but having no substantial relation to the measure of their services and being utterly disproportioned to their value, are not in reality payment for services, and cannot be regarded as 'ordinary and necessary expenses' within the meaning of the section;[4] and that such amounts do not become part of the 'ordinary and necessary expenses' merely because the payments are made in accordance with an agreement between the corporation and its officers. Even if binding upon the parties, such an agreement does not change the character of the purported compensation or constitute it, as against the Government, an ordinary and necessary expense."

In such cases naturally the partnership is not entitled to deduct the total sums paid.

Since the partners in this case have devoted their full time to the business of the partnership and since their compensation does not depend on the capital contributed by them, the partnership is entitled to deduct the total sum paid as such compensation as a necessary operating expense.

The decision appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.

---

[4] Section 12 (*a*) of the Federal Internal Revenue Act of 1916.