RAFAEL BUSCAGLIA, en su carácter de TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO; SUCRS. DE TRUJILLO Y SUBIÑÁ, S. EN C., interventora.

Núm. 219.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 23, 1949.

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General, en la petición de certiorari) y Elmer Toro Lucchetti, Procurador General Auxiliar, abogados del peticionario; Juan Enrique Géigel y Guillermo Silva, abogados de la interventora, querellante en el pleito principal.*

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En su carácter de Tesorero de Puerto Rico, el peticionario notificó a la interventora, Sucrs. de Trujillo y Subiñá, S. en C., deficiencias en su contribución sobre ingresos para los años 1936, 1937, 1938 y 1939. Seguidos ciertos trámites administrativos y luego de acudirse al Tribunal de Contribuciones y de ser oídas las partes, éste dictó resolución que en esencia favorece a la contribuyente. A instancias del Tesorero expedimos un auto de *certiorari* para revisar esa resolución, aunque tan sólo en lo referente a las partidas de $20,248.64 y $16,138.79 pagadas por la interventora a sus dos socios gestores en los años 1938 y 1939, respectivamente. La contención de la contribuyente es que dichas partidas son deducibles por ella como "gastos ordinarios y necesarios" de su negocio, toda vez que las mismas fueron pagadas en concepto de sueldos por servicios realmente prestados por los socios gestores Rafael Torres Alberti y Rafael Angel Torres Canet,[1] mien-

---

[1] De la cantidad de $20,248.64 pagada por la sociedad a sus socios gestores en 1938, correspondieron $15,186.48 a Torres Alberti y $5,062.16 a Torres Canet; y de los $16,138.79 pagados por ésta en 1939 correspondieron $12,104.10 al primero y $4,034.69 al segundo.

tras que la del Tesorero es que no hay derecho a tales deducciones por tratarse simplemente de una distribución de beneficios, toda vez que en la escritura de sociedad no aparece pactado que los socios gestores tendrían derecho a sueldo por los servicios prestados a la contribuyente. El Tribunal de Contribuciones llegó a la conclusión de que se trata de un pago de sueldos y no de una distribución de beneficios y, en su consecuencia, que proceden las deducciones reclamadas. Ésa es, en realidad, la única cuestión en controversia. Pasaremos a discutirla en seguida:

■ El artículo 32(*a*)(1) de la Ley núm. 74 de 6 de agosto de 1925 (pág. 401), según fué enmendado por la Ley 30 de 26 de abril de 1932 (pág. 255) provee en lo pertinente que "al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la sección 28, se admitirán como deducciones: (1) todos los gastos ordinarios y necesarios pagados o incurridos durante el año contributivo en la explotación de cualquier industria o negocio, *incluyendo una cantidad razonable para sueldos y compensación por servicios personales realmente prestados, . . .*" (Bastardillas nuestras.)

En *F. Bacó Soria y Hno.* v. *Tribunal de Contribuciones,* 64 D.P.R. 87, este Tribunal resolvió que a tenor de las disposiciones antes copiadas los sueldos pagados por una sociedad a sus socios son deducibles de los ingresos de la sociedad, siempre que los socios hayan prestado realmente servicios a la sociedad y que los sueldos pagados sean razonables. En el presente caso, sin embargo, es cuestión admitida que los socios prestaron sus servicios a la sociedad. La razonabilidad de los sueldos no está en controversia.

■ Por escritura pública otorgada en 1923, Rafael Torres Alberti y Manuel Fernández González, como gestores, y José Trujillo Pizá, como comanditario, constituyeron una sociedad en comandita bajo la razón social de Sucrs. de Trujillo y Subiñá, S. en C. Por otra escritura suscrita en 1929

se prorrogó el término de duración de la sociedad.([2]) En 1945 se otorgó una nueva escritura sobre admisión de socios y modificación de sociedad, cuyos efectos se retrotrajeron al primero de septiembre de 1937. Desde entonces los únicos socios gestores de Sucrs. de Trujillo y Subiñá lo han sido Rafael Torres Alberti y su hijo Rafael Angel Torres Canet. En esa nueva escritura se hizo constar en su cláusula quinta que los beneficios de la sociedad se repartirían en la siguiente forma: "un cincuenta por ciento para el capital y un cincuenta por ciento para el trabajo, . . . .", así como que "las pérdidas se repartirán totalmente en proporción al respectivo capital de los socios."

Durante los años 1938 y 1939 la sociedad tuvo beneficios, y en armonía con lo estipulado repartió el 50 por ciento de los mismos entre sus socios capitalistas y el 50 por ciento restante entre sus dos socios gestores, a base de un 75 por ciento de dicho 50 por ciento para Rafael Torres Alberti y de un 25 por ciento del indicado 50 por ciento para Rafael Angel Torres Canet.([3]) Las cantidades así pagadas fueron deducidas por la sociedad como gastos ordinarios y necesarios del negocio, fundada ella en que las mismas constituían sueldos por servicios realmente prestados por los socios. Por la razón ya expuesta el Tesorero rechazó esas deducciones.

En casos de esta naturaleza lo primordial a ser determinado es si las cantidades satisfechas por la sociedad a los socios constituyen sueldos razonables por los servicios prestados. Ésa es, por supuesto, una cuestión de hechos que deberá ser resuelta de acuerdo con las circunstancias peculiares de cada caso. *Miller Mfg. Co.* v. *Commissioner,* 149 F.2d

---

([2])En la cláusula tercera de la escritura otorgada en 1929 se estipuló "que los beneficios que resultaren de cada balance, se repartirán asignando un CINCUENTA POR CIENTO (50%) para repartir entre todos los socios a pro rata de sus respectivos capitales y otro CINCUENTA POR CIENTO (50%) a repartir entre los socios gestores."

([3])Según la prueba, se pagó un por ciento mayor a Torres Alberti por llevar éste más años en la sociedad y estar más avezado en los negocios de la misma que el otro socio Torres Canet.

421, 33 A.F.T.R. 1383. Empero, repetimos, la razonabilidad de los sueldos, de considerársele como tales, no está aquí envuelta. La cuestión realmente a determinarse es si dada la forma en que se efectuaron los pagos los mismos deben considerarse como sueldos o como distribución de beneficios. De ser sueldos, la sociedad tendría derecho a deducirlos como gastos de explotación, mas no así de resultar ser una distribución de beneficios.

Durante la vista celebrada ante el Tribunal de Contribuciones la interventora adujo prueba oral y documental tendiente a demostrar que si bien en la escritura de sociedad a que hemos hecho referencia aparece que el 50 por ciento de los beneficios se distribuiría de acuerdo con el capital aportado y el 50 por ciento restante entre los socios gestores por su trabajo, los socios acordaron verbalmente que el 50 por ciento a ser repartido por el trabajo realizado se considerara como sueldos de los socios y que tales beneficios se repartirían a base de un 75 por ciento del indicado 50 por ciento para Rafael Torres Alberti, quien llevaba muchos más años en la sociedad, y el 25 por ciento del aludido 50 por ciento para Rafael Torres Canet, que era más joven y cuyo ingreso en la sociedad era relativamente reciente; que los socios estaban autorizados a retirar ciertas cantidades semanalmente para sus gastos personales, cargándose las mismas a sus cuentas particulares, y que el importe total de los beneficios pagados a los socios gestores durante los años en cuestión fué deducido de los ingresos de la sociedad antes de determinarse el ingreso neto de ésta, apareciendo en su libro mayor los correspondientes asientos en que figuraban esas cantidades como acreditadas a los socios por concepto de ''remuneración por sus trabajos de gestoría y administración sobre contrato social''; y que por la cláusula primera de la citada escritura se confirmaron todas las actuaciones de los socios y todos los asientos de la contabilidad de la firma. También tendió a demostrar la prueba de la interventora que ambos socios

gestores dedicaban todo su tiempo a la sociedad y que a jui-
cio de ésta las cantidades percibidas por ambos por el con-
cepto indicado eran razonables. El Tesorero de Puerto Rico
sólo ofreció en evidencia las planillas de la contribuyente
correspondientes a años anteriores y a los dos años aquí en
controversia.

Con esa prueba el Tribunal de Contribuciones, conforme
ya hemos indicado, resolvió que las cantidades así pagadas
por la sociedad a sus socios gestores debían considerarse
como sueldos y, por ende, que las mismas eran deducibles por
la sociedad como gastos ordinarios y necesarios pagados o
incurridos por ella durante el año contributivo en la explo-
tación de su negocio. Citó en apoyo de su criterio los casos
de *William S. Gray & Co.* v. *United States,* 35 F.2d 968 y
otros que aparecen en Prentice-Hall, *Federal Tax Service,*
1948, Vol. 2, sec. 11,777.

Cuando la compensación total o parcial de los socios o
de los directores de una corporación se hace depender del
capital aportado por los primeros a la sociedad o del número
de acciones que los últimos posean en la corporación, se ha
mirado con gran cautela y se ha examinado siempre minucio-
samente tal forma de compensación y por lo general se le ha
considerado como una distribución de beneficios y no se ha
permitido que las cantidades así pagadas sean deducidas
como gastos ordinarios y necesarios del negocio. *Am-Plus
Storage Battery Co.* v. *Commissioner,* 35 F.2d 167; *Jacobs
& Davies* v. *Anderson,* 143 C.C.A. 87, 228 Fed. 505; *United
States* v. *Philadelphia Knitting Mills Co.,* 273 Fed. 657, 15
A.L.R. 1313; Prentice-Hall, op. cit., sec. 11,706; *Connells-
ville Central Coke Co.* v. *Commissioner,* 27 B.T.A. 771 y casos
citados a la página 780. En el presente caso, sin embargo,
las sumas percibidas por los socios gestores no dependían
en forma alguna de la aportación que ellos hubieran hecho al
capital de la sociedad. Su remuneración dependía exclusiva-
mente de su trabajo y de los beneficios resultantes al finalizar

el año. En casos de esa naturaleza la situación es completamente distinta y la sociedad tiene derecho a que por vía de sueldos y como gastos de explotación se le permita deducir las cantidades así percibidas por los socios. *California Vegetable Concentrates, Inc.* v. *Commissioner,* 10 T. C. 1158; Merten's *Law of Federal Income Taxation,* Vol. 4, sec. 25.46, págs. 398, 399.

· No estamos resolviendo, desde luego, que en todo caso una distribución de beneficios siguiendo la forma utilizada por la contribuyente en el presente debe necesariamente considerarse como sueldos y en su consecuencia que las cantidades pagadas son deducibles como gastos ordinarios y necesarios incurridos en la explotación del negocio, puesto que con frecuencia ocurre que las sumas pagadas por la sociedad y percibidas por los socios están enteramente fuera de proporción con los servicios prestados. *Cf. Botany Mills* v. *United States,* 278 U. S. 282, en el cual se dijo a la pág. 292 lo siguiente:

"Sea ello como fuere, es claro que cantidades extraordinarias, inusitadas y extravagantes pagadas por una corporación a sus oficiales a guisa o por vía de compensación por sus servicios, que no tienen relación substancial con los servicios prestados y que están enteramente fuera de proporción con el valor de éstos, no son en realidad pagos por servicios y no puede considerárseles como 'gastos ordinarios y necesarios' dentro del alcance de la sección;(⁴) así como que tales cantidades no forman parte de 'los gastos ordinarios y necesarios' meramente porque los pagos se efectúen en cumplimiento de un acuerdo celebrado al efecto entre la corporación y sus oficiales. Aunque tal acuerdo sea obligatorio para las partes, el mismo no altera la naturaleza de la supuesta compensación, ni en lo que al gobierno concierne constituye una compensación deducible como un gasto ordinario y necesario."

En tales casos, naturalmente, la sociedad no tiene derecho a deducir la totalidad de las cantidades pagadas.

---

(⁴)Sección 12(*a*) de la Ley de Rentas Internas Federal de 1916.

Habiendo los socios en este caso dedicado todo su tiempo a los negocios de la sociedad y no dependiendo su remuneración del capital por ellos aportado, ésta tiene derecho a deducir el importe total de esa remuneración como un gasto necesario de explotación.

*Debe confirmarse la resolución recurrida.*

El Juez Asociado Sr. Negrón Fernández no intervino.