**Charlie COX, Appellant,**

v.

**AMERICAN FIDELITY & CASUALTY CO., a corporation and Underwriters at Lloyd's, London, Appellees.**

**No. 15309.**

United States Court of Appeals Ninth Circuit.

Nov. 14, 1957.

Ryan & Pelay, James J. Kennedy, Portland, Or., for appellant.

Koerner, Young, McColloch & Dezendorf, John Gordon Gearin, Joseph Larkin, Veatch, Bauman & Veatch, John C. Veatch, II, Portland, Or., for appellee.

Before STEPHENS, Chief Judge, and POPE and CHAMBERS, Circuit Judges.

STEPHENS, Chief Judge.

Appellant, Charlie Cox, is a trucker in Pasco, Washington. In November of 1954 he contacted the Grant H. Stringham Insurance Agency in Pasco with the view to obtaining insurance for a tractor and trailer which he owned. Appellant wanted coverage of $100,000/$200,000 against death and bodily injury. The Stringham Agency was unable to place this insurance with any of the companies they represented, but they endeavored to secure a policy through the Portland agents of appellee, Tobey, Inc. and Bates Lively & Pearson, who were apparently doing business under the heading of The Affiliated Agencies.

The Stringham Agency, through a salesman, Mr. Van Vranken, wrote to Affiliated explaining Mr. Cox's needs, and was notified by reply letter that the coverage requested could be placed with appellees, enclosing a form for application. Mr. Cox filled out this form with the help of Mr. Van Vranken and paid the latter the entire premium on the policy with American Fidelity and one-quarter of the premium on the policy with Lloyd's. The application was forwarded to Tobey, Inc., Van Vranken retaining the check for premiums that he had received from Cox. This was done on December 4, 1954. On December 6, 1954, Tobey, Inc. received the application and wrote to Van Vranken requesting some additional information "before we will actually be able to issue the policy." This information requested referred to the year, trade name and serial number of the tractor and trailer. However, in this reply letter from Tobey, Inc., the agents of appellees, there is a statement that the policy "will not be effective until December 6, 1954, which is the date that we received your request for the policy." On December 6, 1954, the equipment on which appellant Cox sought insurance was involved in an accident in

Orgeon. The appellees denied that they had a policy of any kind with appellant and have refused to defend him in any actions arising out of this accident, or to indemnify him for any judgments that may be rendered against him as a result of this accident.

Appellant Cox sought a declaratory judgment in the United States District Court for the District of Oregon to the effect that the appellees were liable on an agreement of insurance or an agreement to issue insurance. Appellees made a motion for summary judgment, contending that there were no factual issues, and that as a matter of law, they were entitled to judgment. The District Court had before it the pleadings, six depositions, interrogatories propounded to and the answers thereto of appellant. There was no pre-trial order, and on this appeal, appellant also raises the point that only two of the six depositions were available to the court at the time it passed on the motion for summary judgment. The District Court granted appellees' request for summary judgment, and this appeal followed.

■ The procedure for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. was intended to avoid a useless trial, that is, a trial when it appears on the record that there is no issue as to any material fact, and there is only a question of law as to whether the moving party should have judgment. When confronted with a motion for summary judgment, the trial judge must determine if there are any material factual issues that should be resolved before the trier of fact. It is not the trial judge's function, under Rule 56, to resolve those issues or to weigh the evidence. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S. Ct. 724, 88 L.Ed. 967; Arenas v. United States, 322 U.S. 419, 64 S.Ct. 1090, 88 L.Ed. 1363. "Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them." Associated Press v. United

States, 326 U.S. 1, 6, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013. See, also, 6 Moore's Federal Practice, 2d Ed. 2101, Section 56.15.

The summary judgment procdure under Rule 56 has been widely commented upon by all the circuits, but perhaps the best statement on the applicability of the rule was made by the late Judge Jerome Frank of the Second Circuit, when he elaborated on the "slightest doubt" rule enunciated by the First Circuit as follows:

"We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt dispatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. [Citing Arenas v. United States, supra] * * * The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered." Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135.

■ In the case now before us, there seems to be considerable dispute as to the facts. Appellant has raised an issue as to the relationship between the Stringham Agency and Tobey, Inc., the authorized agents of appellees. Although it is often stated that an insurance broker or soliciting agent is usually the agent of the insured in negotiations for the policy, still, under the facts in the present case, the conduct of Van Vranken cannot be said to have been solely for the benefit of the insured, and his actions raise a question of fact. Atex Manufacturing Co. v. Lloyd's of London, D.C., 139 F.Supp 314, 318; General Accident

Assurance Co. v. Caldwell, 9 Cir., 59 F.2d 473, 475.

Another substantial issue is raised if we turn to the question whether there was or was not a contract to insure, or a contract to issue an insurance policy in this case. There is evidence to indicate that an employee of Tobey, Inc., the authorized agent of appellees, wrote to the Stringham Agency that the policy would be "effective" on December 6, 1954, the date when the application of appellant was received, and further evidence of appellees' underwriter in Seattle operating on the same effective date, and her statement that premiums would be charged from the effective date. Although appellees insist that there was still no acceptance of appellant's application, this seems to raise a serious question of fact. Colby v. Klune, 2 Cir., 178 F.2d 872, 873, 874. As was said by this Court, in National Liberty Insurance Co. of America v. Milligan, 10 F.2d 483, 485,

> "It is manifestly unfair for an insurer to charge a premium for insurance dating from the application, if the insured is without protection until the policy is delivered, some days subsequent thereto."

In the case now before us, it may well have been the intent of the parties, and this question may be susceptible of easy proof, that there was to be no contract of insurance until finally approved by appellees' home office, and a policy issued, but the conduct of appellees' agents is not such that reasonable men might draw only one conclusion from their acts. This is not a sham issue raised by appellant, but one on which he is entitled to a hearing. On a motion for summary judgment, it is not for the court to resolve factual issues. In deciding whether there is an issue of material fact in the case, all doubts must be resolved against the party moving for a summary judgment. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018. Moreover, only two of the six depositions had ever been seen by the court.

Reversed and remanded.