ESTHER WAXLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waxler v. Commissioner
Docket No. 973-77.
United States Tax Court
T.C. Memo 1979-425; 1979 Tax Ct. Memo LEXIS 102; 39 T.C.M. (CCH) 355; T.C.M. (RIA) 79425; October 11, 1979, Filed *102 Petitioner excluded from income amounts paid during 1973 by her former husband. Respondent moved for summary judgment on the ground that petitioner was collaterally estopped by a prior decision as to 1970 and 1971. Held: collateral estoppel applies to prevent pertitioner from relitigating the tax treatment of certain monthly payments paid to petitioner by her former husband pursuant to a paragraph of an integrated property settlement agreement, since the tax treatment of identical payments made in 1970 and 1971 was litigated in an earlier case involving the same petitioner, Waxler v. Commissioner, T.C. Memo. 1976-239, affd. in an unreported opinion (CA9, November 16, 1977). Respondent's motion for summary judgment with respect to this matter is granted. Held further: collateral estoppel does not apply to prevent petitioner from litigating the tax treatment of payments whose characterization was not litigated in the earlier case. Held further: respondent failed to show that there is an absence of a genuine dispute as to any material fact with respect to the characterization of payments not litigated in the earlier case; respondent's motion for *103 summary judgment with respect to this matter is denied. Esther Waxler, pro se. Rebecca T. Hill, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: This proceeding is before us on respondent's motion for summary judgment. The issue for our decision is whether respondent's motion should be granted because petitioner is collaterally estopped by a prior judgment from denying that certain amounts received during 1973 were includible in gross income as alimony. [1]
*104 Respondent determined a deficiency in Federal individual income tax against petitioner for 1973 in the amount of $3,161.60. Petitioner claims error in that the asserted $10,428 alimony income was received in settlement of property rights and so is not includible in her gross income. Respondent in his amended answer affirmatively raises the defense of collateral estoppel (Rule 39 [2]) based on the decision in Waxler v. Commissioner,T.C. Memo. 1976-239, affd. in an unreported opinion (CA9, November 16, 1977), (hereinafter sometimes referred to as "the first case"). In the first case it was held that certain amounts paid to petitioner during 1970 and 1971 by her former husband pursuant to an integrated property settlement agreement constituted "periodic payments" (i.e., alimony) within the meaning of section 71(a)(1) [3] and therefore were includible in petitioner's gross income for these years. Respondent asserts that petitioner is thereby estopped from litigating in the instant case whether the payments received by petitioner during 1973, made pursuant to the same integrated property settlement agreement, are includible in petitioner's gross income. In her reply, *105 petitioner asserts collateral estoppel does not apply. In particular, she (1) denies that the sole issue for decision in the first case was as stated by respondent; (2) alleges that the issues in the instant case are not identical to those presented in the first case; (3) denies that she presented evidence and argument in the first case bearing upon the issue of whether the payments were correctly characterized as alimony; and (4) denies that there was a trial on all the merits of her claim. Petitioner contends that the issues in the instant case include "the characterization of payments voluntarily made by petitioner's husband to her for the year involved which were not made pursuant to 'order of court', and further alleges that there is in issue the value of certain items of alleged community property." Petitioner's Reply to Answer, Paragraph VI. Petitioner did not allege any facts in support of these contentions in her reply. *106 Respondent has moved for summary judgment under Rule 121, contending that (1) the only issue in the instant case is whether the disputed payments received by petitioner were alimony, includible in petitioner's gross income; (2) petitioner is collaterally estopped from litigating respondent's determination; and (3) there remains no dispute as to any material fact. Petitioner contends collateral estoppel does not apply. We agree with respondent that collateral estoppel is applicable to the tax treatment of amounts paid pursuant to the integrated property settlement agreement which are identical to those which were the subject of litigation in the first case. However, we also agree with petitioner that there are issues in the instant case which were not litigated in the first case; as to them collateral estoppel does not apply, and as to them summary judgment should not be granted. Collateral Estoppel
In Waxler v. Commissioner,supra, petitioner had excluded from her gross income payments made by her former husband pursuant to an integrated property settlement agreement. These payments included monthly payments of $750 paid to petitioner pursuant to *107 paragraph 9 of the integrated property settlement and amounts for monthly insurance premiums petitioner's former husband was obligated to pay under paragraph 8 of the agreement to keep in force an insurance policy on his life owned by petitioner. We held that petitioner failed to carry her burden that the $750 monthly payments were not paid for her support and that these payments were support payments within the purview of section 71(a) and includible in petitioner's gross income. The Court of Appeals for the Ninth Circuit affirmed, in an unreported Memorandum Opinion. The decision in the first case has become final. The doctrine of collateral estoppel precludes parties and their privies from relitigating "matters which were actually litigated and determined" in a final prior judgment by a court of competent jurisdiction. E.g., Commissioner v. Sunnen, 333 U.S. 591, 598 (1948); Gammill v. Commissioner, 62 T.C. 607, 613 (1974). However, for collateral estoppel to apply, the matters argued in the second proceeding must have been actually "presented and determined in the first suit" and they must be "identical in all respects with that decided in *108 the first proceeding." "[The] controlling facts and applicable legal rules [must] remain unchanged." Commissioner v. Sunnen, 333 U.S. at 598, 599-600. [4]
The Internal Revenue Code provision relied on in this case (sec. 71(a)(1) [5]) is unchanged from that in effect for the years involved in the first case. *109 In the first case respondent had included $10,436.52 in petitioner's gross income for 1970 as alimony, representing payments by petitioner's former husband of $750 per month to petitioner and amounts for life insurance premiums of $119.71 per month. For 1971, respondent included $10,428 in petitioner's gross income, representing payments by petitioner's former husband of $750 per month to petitioner and amounts for life insurance premiums of $119 per month. However, on brief in the first case petitioner conceded the includibility in income of the insurance premium payments. As a result our opinion in the first case stated neither findings of fact nor conclusions of law with respect to the insurance premium payments. Similarly, the Memorandum Opinion of the Court of Appeals for the Ninth Circuit dealt with the tax status of the $750 monthly payments and made no reference to the tax status of the insurance premium payments. Such a concession does not result in collateral estoppel in the instant case, since the matter conceded was not actually litigated and determined in the final judgment in the first case. Coors v. Commissioner,60 T.C. 368, 371-372, 389-392 (1973), *110 affd. 519 F.2d 1280, 1283 (CA10 1975). In the instant case, respondent included $10,428 as alimony in 1973. This amount is equal to the amount that was included in petitioner's 1971 gross income by respondent. The pleadings do not disclose what elements comprise respondent's alimony adjustment in the instant case. If the adjustment includes the same elements presented to the Court as to 1971 in the first case, then it is evident that the question of the tax treatment of the $750 monthly payments made pursuant to paragraph 9 of the intergrated property settlements agreemet is identical to the matter "presented and determined in the first suit". As to that matter, collateral estoppel applies and petitioner will not be heard in the instant case to deny that these amounts are includible in her gross income for 1973. However, if the remainder of the adjustment in the instant case consists of the insurance premium payments made pursuant to paragraph 8 of that agreement, then that remainder depends upon a matter that was not "presented and determined in the first suit", since that matter was conceded in the first case and was not the subject of a holding by either this *111 Court or the Court of Appeals in the first case. On this assumption, then, collateral estoppel does not apply to that remainder and petitioner is free to deny that the insurance premium payments are includible in her gross income for 1973. Petitioner, in her reply, suggests that some part of the adjustment for 1973 is based on payments that were not made pursuant to the integrated property settlement agreement dealt with in the first case. Respondent has not explained the nature of the adjustment, apart from the general assertions in his amended answer and in his summary judgment motion and brief that the issues in the instant case are the same as those presented and decided in the first case. If, indeed, the adjustment turns out to include payments other than those required by the integrated property settlement, then the instant case deals with matters not presented in the first case and, as to these matters, collateral estoppel does not apply. In sum, to the extent that the adjustment in the instant case is based on the monthly payments made under paragraph 9 of the integrated property settlement agreement, the adjustment is subject to collateral estoppel. To the extent *112 the adjustment involves insurance premium payments made under paragraph 8 of this agreement, it is not subject to collateral estoppel; the same also applies to inclusions with respect to payments not made pursuant to this agreement. Summary Judgment
Respondent has moved for summary judgment under Rule 121(a). The motion may be granted "if the pleadings * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Also, partial summary judgment may be granted where appropriate. Rule 121(b). To the extent that the adjustment in the instant case is shown to be comprised of amounts paid in 1973 under paragraph 9 of the integrated property settlement agreement dealt with in the first case, the law is clear that collateral estoppel applies, there is no genuine issue as to any material fact, and respondent must prevail in his motion for summary judgment. We may fairly suspect that, since the adjustment in the instant case is identical in amount with the adjustment as to 1971 in the first case, then the adjustment in the instant case is comprised of $9,000 ( $750 per month) paid under paragraph 9 of *113 the agreement and $1,428 ( $119 per month) of insurance premiums paid under paragraph 8 of the agreement. To the extent the adjustment in the instant case involves matters other than payments under paragraph 9 of the agreement as in effect for 1970 and 1971, collateral estoppel does not apply, and we must examine further into summary judgment. Respondent, in his motion for summary judgment, relies solely on collateral estoppel to eliminate any genuine issue of material fact and attached no evidentiary materials. He attached to his brief a copy of the integrated separation agreement, and raises in the brief the applicability of Rule 121(d). Petitioner merely asserts in her pleadings that the payments are in truth payments in settlement of property rights and that all issues have not been litigated. She has presented no evidentiary material. Summary judgment is a device used to expedite litigation; it is intended to avoid unnecessary and expensive trials. However, it is not a substitute for trial; it should not be used to resolve disputes over factual issues. Cox v. American Fidelity & Casualty Co.,249 F.2d 616, 618 (CA9 1957); Shiosaki v. Commissioner,61 T.C. 861, 862 (1974). *114 A motion for summary judgment is granted when it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Since the effect of granting a motion for summary judgment is to decide the case against a party without allowing that party an opportunity for a trial, the motion should be "cautiously invoked" and granted only fter a careful consideration of the case. Associated Press v. United States,326 U.S. 1, 6 (1945); Cox v. American Fidelity & Casualty Co.,supra;Shiosaki v. Commissioner,61 T.C. at 863. Respondent, as the moving party, has the burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the material lodged must be viewed in the light most favorable to the opposing party. E.g., Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Shiosaki v. Commissioner,61 T.C. at 863. Rule 121(d) provides, in part, as follows: Rule 121. Summary Judgment * * *
(d) Form of Affidavits; Further Testimony; Defense Required: * * * When a motion for summary judgment is made and *115 supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him. Rule 121, effective on January 1, 1974, corresponds to Rule 56 of the Federal Rules of Civil Procedure. See the note to Rule 121, 60 T.C. 1127-1128 (1973). In any question turning on the interpretation of the rule, the history of the corresponding provision of the Federal Rules of Civil Procedure is relevant. Shiosaki v. Commissioner,61 T.C. at 862. As is apparent from that history, the 1963 amendment of Rule 56(e) of the Federal Rules of Civil Procedure which added the above two quoted sentences from Rule 121(d) was not intended to modify the burden of the moving party to show initially the absence of a genuine issue concerning any material fact. Adickes v. Kress & Co.,398 U.S. at 159-161. [6]
*116 We must conclude that respondent has failed to meet his initial burden of proof with regard to the dispute over the payments other than the monthly payments under paragraph 9 of the agreement. Generally, whether certain payments are in fact alimony or are in consideration of petitioner's property rights is a question that turns on the facts and may depend upon the intent of the parties. Phinney v. Mauk,411 F.2d 1196 (CA5 1969); Warnack v. Commissioner,71 T.C. 541, 550-554 (1979); Ryker v. Commissioner,33 T.C. 924, 929 (1960). See Hesse v. Commissioner,60 T.C. 685, 691-693 (1973), affd. without published opinion 511 F.2d 1393 (CA3 1975); Newbury v. Commissioner,46 T.C. 690, 694 (1966). Ordinarily, summary judgment should not be granted in a case in which intent is at issue. Hoeme v. Commissioner,63 T.C. 18, 20 (1974); Shiosaki v. Commissioner,61 T.C. at 863-864. We do not believe that presentation of the separation agreement satisfies respondent's burden as it does not adequately foreclose what may very well be a genuine issue of fact. [7] See *117 Mirsky v. Commissioner,56 T.C. 664, 674-677 (1971) (language in the separation agreement and divorce decree characterizing payments as "alimony" is not necessarily determinative of the facts). Respondent as the moving party has the burden of clearly establishing the lack of any triable issue of fact by a record that is adequate for decision of the legal question presented. See United States v. Perry,431 F.2d 1020, 1022-1023 (CA9 1970); Hoeme v. Commissioner,supra.
*118 In conclusion, we find that respondent has failed to meet his initial burden of showing there is no genuine issue of fact with respect to payments at issue other than the monthly payments of $750 under paragraph 9 of the agreement. In view of respondent's failure to establish the absence of a factual issue, tere was no burden on petitioner to come forth with affidavits or other documentary evidence establishing the existence of a factual issue. Adickes v. Kress & Co.,supra.Consequently, with respect to this issue respondent's motion for summary judgment will be denied. An appropriate order granting respondent's motion in part and denying it in part will be entered.
Footnotes
1. Respondent's adjustment decreasing the amount of petitioner's medical expense deduction is solely derivative; it depends on a resolution of the alimony issue. Respondent concedes that the amount of medical expense deduction disallowed in the deficiency notice ($417.12) is in error because of an erroneous computation and that the correct amount disallowed (if we agree with his determination as to alimony income) should be $312.82. The only other adjustment, increasing petitioner's sales tax deduction (in petitioner's favor), has not been drawn in issue.↩
2. Unless indicated otherwise, all rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩
4. The recent opinions in Montana v. United States,     U.S.     (February 22, 1979), and Parklane Hosiery Co., Inc. v. Shore,     U.S.     (January 9, 1979), do not appear to affect the continuing validity of that requirement as applied to the facts of the instant case. See Starker v. United States,602 F.2d 1341 ( CA9 August 24, 1979, 44 AFTR 2d 79↩-5525, 79-2 USTC par. 9541).
5. SEC 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. -- (1) Decree of divorce or separate maintenance. -- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩
6. The Supreme Court in Adickes v. Kress & Co.,supra, quoted favorably from the Advisory Committee Note on 1963 Amendment to subdivision (e) of Rule 56 as follows: [where] the evidentiary matter in support of the motion does not establish the absence of genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.
398 U.S. at 160↩. The Supreme Court added the emphasis in the quoted material.
7. It is true that petitioner is not entitled to a trial on the possibility that an issue of material fact might turn up at the trial. First Nat. Bank v. Cities Service,391 U.S. 253, 289-290 (1968). But it is equally true that the fact it may be srmised that petitioner is unlikely to prevail upon a tral is not a sufficient basis for refusing her her day in court with respect to issues which are not showing to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Rodway v. United States Department of Agriculture,482 F.2d 722, 727 (CADC 1973). "In deciding whther there is an isue of material fact in a case, all doubts must be resolved against the party moving for a summary judment." Cox. v. American Fidelity & Casualty Co.,249 F.2d at 619↩.