CLARENCE HUNT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hunt v. Commissioner
Docket No. 10272-89
United States Tax Court
T.C. Memo 1990-335; 1990 Tax Ct. Memo LEXIS 353; 60 T.C.M. (CCH) 31; T.C.M. (RIA) 90335; July 3, 1990, Filed *353 Held: Respondent's motion for summary judgment will be granted with respect to deficiencies determined for the years 1983, 1984, and 1985, and with respect to that portion of the deficiency determined for 1986 which is not attributable to unemployment compensation received by petitioner in that year. Held further: Respondent's motion for summary judgment will be granted with respect to additions to tax determined under sections 6651(a)(1), 6653(a), and 6654 for the years 1983 through 1985. Held further: Judgment is reserved on the amount of unemployment compensation petitioner must include in his 1986 gross income pursuant to section 85, and consequently on the amount of additions to tax for which petitioner is liable for the year 1986. Clarence Hunt, pro se. Ruth M. Spadaro, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM OPINION This case is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121. [1] Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6651(a)
6654
1983
$ 2,855
$ 142.75
*
$ 713.75
$ 177.01
1984
3,004
150.20
*
751.00
192.32
1985
2,309
115.45
*
577.25
138.60
1986
1,573
78.65
*
393.25
76.22
*359 Petitioner resided in Pennsville, New Jersey, at the time of filing his petition and during the years in issue. Underlying respondent's determination of deficiencies and additions to tax is his determination that petitioner failed to file Federal income tax returns showing receipt of wages, unemployment compensation, and dividend income during the years 1983 through 1986. Summary judgment is appropriate if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Partial summary adjudication may be made which does not dispose of all issues in the case. Naftel v. Commissioner, supra at 529; Elkins v. Commissioner, 81 T.C. 669, 674 (1983). Summary judgment is intended to expedite litigation by avoiding unnecessary and expensive trials *360 of "phantom factual questions." Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974); see Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 618 (9th Cir. 1957). The moving party bears the burden of proving that no genuine issue of material fact exists and that a decision may be rendered as a matter of law. Rule 121(b); Naftel v. Commissioner, supra at 529; Espinoza v. Commissioner, supra at 416. In deciding whether to grant summary judgment, we view the factual material and inferences drawn from that material in the light most favorable to the opposing party. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); Naftel v. Commissioner, supra at 529; Jacklin v. Commissioner, supra at 344. However, the party opposing summary judgment may not simply rest upon the mere allegations or denials of his pleadings. The adverse party must set forth specific facts, in affidavits or otherwise, showing the existence of a genuine issue for trial. Rule 121(d); *361 Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The gravamen of the petition in the present case consists of various constitutional allegations of the type typical to tax protester petitions. [2] However, petitioner also alleges that he filed returns with the office of the Internal Revenue Service in Holtsville, New York, on April 13, 1987, for the years 1983 through 1985, and on December 26, 1988, for the year 1986. In addition, petitioner alleges that he made payments of income tax to the Internal Revenue Service for the years in issue on January 20, 1987, and on December 18, 1988. Petitioner attached to his petition copies of his Individual Master File (IMF) records, obtained from respondent's National Computer Center, which petitioner claims support his allegations. *362 On October 12, 1989, petitioner filed a 36-page motion for summary judgment in which he argued that respondent had no delegated authority to administer Federal revenue laws with respect to petitioner. Petitioner's summary judgment motion did not refer to his allegations of filing income tax returns or of making payments of income tax for the years 1983 through 1986. However, in that motion petitioner stated as "uncontroverted fact" that he earned his living as a salesman and that all of his income during the years in issue was earned from sources within the State of New Jersey. Along with his motion, petitioner submitted his affidavit which contained no statements of fact other than that petitioner was a citizen of New Jersey and of the United States and did not reside or earn income outside the United States during the years in issue. The remainder of the affidavit consisted of repetitions of petitioner's tax protester arguments. We denied petitioner's summary judgment motion on October 18, 1989. Respondent argues in his motion for summary judgment that petitioner has alleged no justiciable error, has set forth no clear and concise statements of fact showing that a genuine *363 issue for trial exists, and that petitioner's arguments are frivolous. Respondent submits the affidavit of respondent's counsel, Ms. Ruth Spadaro, in support of his motion for summary judgment. Ms. Spadaro states in her affidavit that a review of respondent's administrative files pertaining to petitioner revealed that petitioner never filed individual income tax returns or made payments of income tax for the years in issue. Ms. Spadaro further stated in her affidavit that respondent's agent posted substitutes for returns, or dummy returns, to petitioner's account on the dates of April 13, 1987, and December 26, 1988. We construe petitioner's IMF records in the light most favorable to petitioner. Petitioner maintains that the IMF records show that he made payments of income tax for the years in issue on January 20, 1987, and on December 18, 1988. However, all numbers in petitioner's IMF records which could correspond to payments of any kind read "0.00." In particular, the records show that tax payments made by petitioner for the years 1983 through 1986 amount to zero. [3] In other words, petitioner's IMF records, which he submits in support of allegations of payment of income *364 taxes, show instead that petitioner has made no payments of income tax. Therefore, with respect to alleged payments of income tax by petitioner, the IMF records set forth no specific facts which present an issue that a finder of fact could reasonably resolve in petitioner's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). By order dated April 2, 1990, we directed petitioner to respond to respondent's summary judgment motion and to furnish copies of income tax returns allegedly filed for the years in issue. On his own initiative, petitioner had mailed a reply on April 3, 1990, which was received and filed with the Court on April 6, 1990. Petitioner did not file a supplemental or amended reply subsequent to the order dated April 2, 1990. Therefore, we treat petitioner's original reply as filed pursuant to that order. Petitioner's reply reiterated his allegations that he was *365 not subject to Federal income taxation and failed to include copies of any returns. To date, petitioner has not furnished copies of any returns to the Court. By order dated May 15, 1990, we directed the parties to show cause why certain statements should not be deemed admitted as facts. In that order, we warned petitioner that unless he filed a good faith response which fully explained why he denied the correctness of any statements set forth in the order, we would deem that he admitted the correctness of each such statement. In a conference call with petitioner and respondent's counsel on May 22, 1990, petitioner stated to the Court that he could not prepare a complete response to the show cause order prior to the call of this case at the upcoming trial calendar commencing June 4, 1990, in Philadelphia, Pennsylvania. By order dated May 22, 1990, we granted petitioner's requests to strike this case from the Philadelphia calendar and for an extension of time to respond. Three days after we granted the extension and struck this case from the upcoming calendar, petitioner filed his response. In light of that fact, we view petitioner's request to strike the case from the upcoming *366 trial calendar as unnecessary and instituted for the purpose of delay. Nonetheless, in his response, petitioner admitted the following facts: (1) During the years 1982, 1983, 1984, 1985, and 1986, petitioner resided in Pennsville, New Jersey, and worked in the State of New Jersey. (2) During the year 1983, petitioner worked in the State of New Jersey for Miller Brothers Co., earning and receiving wage income in the amount of $ 17,028. *
(3) During the year 1984, petitioner worked for Miller Brothers Co., earning and receiving wage income in the amount of $ 18,126. **
*367 (4) During the year 1985, petitioner worked for Miller Brothers Co., earning and receiving wage income in the amount of $ 15,885. ***
(5) During the year 1986, petitioner worked for Miller Brothers Co., and for Garden State Cemetery, earning and receiving wage income amounting in the aggregate to $ 11,972.****
(6) During the year 1986, petitioner received unemployment *368 compensation from the State of New Jersey in the amount of $ 1,026. Petitioner denied all other statements set forth in the show cause order with assertions that the Uniform Commercial Code prohibits application of the Federal income tax laws to petitioner and precludes respondent from determining or collecting deficiencies in petitioner's Federal income tax. We make no comment on such contentions other than to state flatly that the Uniform Commercial Code does not govern the power of respondent to administer the Federal income taxation system with respect to petitioner. Furthermore, such contentions do not constitute full explanations of denials of the correctness of any of the statements set forth in the show cause order and do not raise any doubt as to the correctness of such statements. Accordingly, we deem petitioner to have admitted the following as fact: (a) During the year 1983, petitioner received dividend income in the amount of $2. (b) From 1983 through 1986, petitioner was an individual who was required by section 6012 to file individual income tax returns. (c) Petitioner had no income tax withheld from his wages for the years 1983 through 1986. (d) Petitioner *369 made no payments of estimated taxes for the years 1983 through 1986. (f) Based upon Forms W-2 received from petitioner's employers for the years 1983 through 1986, a Form 1099B reporting dividends paid to petitioner in 1983, and a report of unemployment compensation paid to petitioner in 1983, respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the years 1983 through 1986, as set forth in four separate notices of deficiency dated February 22, 1989. (Those deficiencies and additions appear at page 2 of this opinion.) Additionally, we deem petitioner to have admitted that he has never made payments of Federal income taxes for the years 1983 through 1986. We base this deemed admission on the IMF record which showed that petitioner made no payments of income taxes for 1983 through 1986, the deemed fact that no tax was withheld from petitioner's wages for those years, and the deemed fact that petitioner made no payment of estimated income taxes for 1983 through 1986. In his response, petitioner repeated his allegation that he filed income tax returns for the years in issue, but offered no explanation for his failure to produce copies *370 of the original returns. In light of the ample opportunity which petitioner has had to produce copies of filed income tax returns, such a response is insufficient to show cause that petitioner should not be deemed to admit he has never filed returns. In our order dated April 2, 1990, we specifically directed petitioner to produce copies of any income tax returns which he filed with respondent for the years 1983, 1984, 1985, and 1986. We struck the present case from the trial calendar and granted petitioner an extension of time to respond to the show cause order of May 15, 1990. We specifically warned petitioner to respond in good faith with full explanations of any denial that he failed to file income tax returns. Petitioner, however, has consistently failed to produce either copies of returns or to provide a reasonable explanation of why he could not produce such returns. After consideration, we therefore deem petitioner to have admitted that he has never filed income tax returns for the years 1983 through 1986. We have afforded petitioner, as the party opposing respondent's motion for summary judgment, the benefit of all reasonable doubt. See *371 Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). However, in light of the deemed admissions, petitioner may not rely upon the mere presence of two dates printed on the IMF records to show that a genuine issue of fact exists with respect to filing income tax returns. In arguing for summary adjudication, respondent relies upon the facts that petitioner admitted in his response, the facts petitioner is deemed to have admitted, and upon the pleadings and affidavits submitted by the parties. Respondent's reliance upon such materials is appropriate under Rule 121(b). Cf. Morrison v. Commissioner, 81 T.C. 644, 651 (1983) (summary judgment was appropriate where facts were deemed admitted pursuant to Rule 90(c)). With one exception explained below, we agree that no issue as to any material fact exists and that summary adjudication is appropriate in the present case. Indeed, after reviewing all materials in the record, we are convinced that petitioner has raised merely "phantom factual issues" for which no trial is necessary. Petitioner's constitutional arguments are meritless and of the type which we have rejected repeatedly. Petitioner's Uniform *372 Commercial Code arguments are equally unworthy. Petitioner, a resident of New Jersey earning income in that State, was a "person" required to file Federal income tax returns for the years in issue and is clearly subject to Federal income tax laws. Secs. 1, 6001, 6011, 6012, and 7701(a)(1); Rowlee v. Commissioner, 80 T.C. 1111, 1120-1121 (1983). Upon petitioner's failure to file income tax returns, respondent is authorized by Congress to post substitutes for returns, or dummy returns, to petitioner's account. Secs. 6014, 6020(b), and 6211(b)(3). Respondent has delegated authority pursuant to which he determined deficiencies and additions to tax and issued notices of deficiency to petitioner. Secs. 6211 and 6212; see also sec. 7701(a)(11) and (12). Furthermore, except under rare circumstances not pertinent to the present case, we will not look behind notices of deficiency to examine evidence used, the propriety of respondent's motives, or the propriety of the administrative policy or procedures involved when respondent makes his determinations. *373 Abrams v. Commissioner, 82 T.C. 403, 406 (1984). For an example of where we will look behind a notice of deficiency, see Dellacroce v. Commissioner, 83 T.C. 269, 279-281 (1984). Respondent did not determine that petitioner was a person living abroad and earning foreign income. Respondent's authority to determine deficiencies is not limited to such circumstances. See sec. 6212(a). Furthermore, it is well established that the Federal income tax laws are constitutional. Abrams v. Commissioner, supra at 406-407 (citing Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916)). Gross income means all income from whatever source, including but not limited to wages, compensation for labor, and dividends. Sec. 61(a); Eisner v. Macomber, 252 U.S. 189 (1920); Reading v. Commissioner, 70 T.C. 730, 734 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980). We have reviewed all of the materials in the record, including the notices of deficiency, the pleadings, petitioner's memorandum and affidavit in support of his earlier summary judgment motion, respondent's memorandum and affidavit *374 in support of his motion, petitioner's response, and petitioner's admissions and deemed admissions. Based on that review, we conclude that respondent has conclusively established the facts necessary to sustain his determination of deficiencies for the years 1983, 1984, and 1985, and to sustain that portion of the deficiency determined for 1986 which is not attributable to $ 1,026 in unemployment compensation received by petitioner in that year. Petitioner admitted that he worked for two employers and received wages in the amounts of $ 17,028, $ 18,126, $ 15,885, and $ 11,972, during the years 1983 to 1986, respectively. Petitioner is deemed to have admitted that he received $ 2 in dividend income in 1983 and that he failed to pay any Federal income taxes for the years in issue. Therefore, we uphold the deficiencies determined by respondent for the years 1983, 1984, and 1985. Further, we uphold that portion of the deficiency determined by respondent for 1986 attributable to $ 11,992 in wages received by petitioner from his employers in that year. Petitioner also admitted that he received $ 1,026 in unemployment compensation during 1986. Respondent determined that petitioner *375 should include that entire amount of unemployment compensation in his gross income. However, for 1986, if the sum of the taxpayer's adjusted gross income (determined without regard to sections 85, 86, and 221) and unemployment compensation exceeds a statutory base amount, the taxpayer's gross income includes unemployment compensation in an amount equal to the lesser of one-half of the excess over the base amount or the amount of the unemployment compensation. Sec. 85(a). Generally, the statutory base amount is $ 12,000. Sec. 85(b)(1). However, the statutory base amount applicable to a married taxpayer, living with his or her spouse throughout a taxable year, who does not file a joint return is zero. Sec. 85(b)(3). The sum of petitioner's adjusted gross income and unemployment compensation for 1986 was $ 12,998, i.e., $ 11,972 plus $ 1,026. Thus, if the applicable base amount is $ 12,000, one-half of the $ 998 excess over $ 12,000, or $ 499, is the amount of unemployment compensation petitioner must include in his gross income for 1986. If, however, the applicable statutory base amount is zero, the excess over the base amount is equal to the full amount of petitioner's adjusted *376 gross income plus unemployment compensation, i.e., $ 12,998. One-half of $ 12,998 is greater than the $ 1,026 unemployment compensation received, and therefore petitioner would include $ 1,026 in his gross income for 1986. It is not apparent from the record whether or not petitioner was married within the meaning of section 85 at the close of 1986 and, if so, whether he lived with his spouse at all times during the taxable year. Thus, we cannot determine whether the applicable base amount under section 85 is $ 12,000, or zero as utilized by respondent in his notice of deficiency. Accordingly, we reserve judgment on the amount of unemployment compensation which petitioner must include in gross income for 1986. The parties will be given the opportunity to set forth specific facts regarding the applicable statutory base amount under section 85. Section 6651(a)(1) provides for an addition to tax for failure to file a return unless such failure is due to reasonable cause and not due to willful neglect. Petitioner is deemed to have admitted that he failed to file income tax returns for the years 1983 through 1986. Petitioner has offered only frivolous arguments for his failure to *377 file, e.g., that the did not earn income from a foreign source and therefore is not required to file a return. Such contentions do not constitute reasonable cause for petitioner's failure to file income tax returns. Accordingly, we uphold respondent's determination of additions to tax pursuant to section 6651(a)(1) for the years 1983 through 1985. In addition, we uphold respondent's determination that petitioner is liable for the section 6651(a)(1) addition for 1986. However, we reserve judgment on the amount of that addition until the amount of tax required to be shown on petitioner's 1986 income tax return for that year is computed. Such a determination cannot be made until the amount of unemployment compensation which petitioner must include in 1986 is resolved. For the years 1983 through 1985, section 6653(a)(1) provided for an addition to tax of 5 percent of the amount of any part of an underpayment of tax which is due to negligence or disregard of rules and regulations. Section 6653(a)(2) provided for an addition to tax of 50 percent of the interest due on that portion of any underpayment attributable to negligence. *378 For the year 1986, section 6653(a)(1)(A) and (B) provided for the same additions to tax. Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2742. Respondent's determination of negligence is presumed correct and the taxpayer bears the burden of proving the determination erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). After being given ample opportunity to furnish evidence to the contrary, we have held that petitioner is deemed to have admitted that he repeatedly failed to file income tax returns and that he failed to pay any taxes on his annual income for the years in issue. Petitioner's conduct in this regard convinces us that he intentionally disregarded the rules requiring the filing of returns and payment of income taxes. Accordingly, we uphold respondent's determination of the additions to tax for negligence for the years 1983, 1984, and 1985. In addition, we uphold respondent's determination that petitioner is liable for negligence additions for 1986. However, the amount of those additions cannot be determined until the amount of petitioner's 1986 underpayment attributable to unemployment compensation can be determined. *379 Respondent determined an addition to tax for underpayment of estimated taxes pursuant to section 6654(a). A section 6654 addition to tax is mandatory absent a showing by petitioner that one of several statutorily provided exceptions applies. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner is deemed to have admitted that he failed to pay estimated taxes during the years in issue. Petitioner did not raise the issue of qualification for one of the statutory exceptions provided in section 6654. [4] Moreover, petitioner made no good faith allegations or explanations which persuade us that a possibility of such qualification exists. We find nothing in the record which raises a doubt that petitioner might qualify for one of the statutory exceptions. Accordingly, we uphold respondent's determination of the addition to tax for failure to pay estimated taxes for the years 1983 through 1985. In addition, we uphold respondent's determination that petitioner is liable for a section 6654 addition for 1986. Again, we reserve the issue of the amount of that addition until the amount of unemployment compensation which petitioner must include in gross income in *380 1986, and thus his underpayment for that year, can be determined. Finally, we note that petitioner's summary judgment motion and petition are virtually identical to a summary judgment motion and petition filed in a case currently pending decision before *381 another judge of this Court. We disapprove of motions which refer only minimally, if at all, to the particular circumstances of individual proceedings and which are based entirely upon meritless tax protester arguments. The costs of such conduct are "eventually * * * borne by all of ;the citizens who honestly and fairly participate in our tax collection system." Abrams v. Commissioner, 82 T.C. 403, 413 (1984). We warn petitioner and future parties who come before us that such practices may be grounds for imposition of a penalty upon the Court's own motion, pursuant to section 6673. In conclusion, respondent's motion will be granted to the extent that it seeks summary judgment: (1) with respect to deficiencies determined by respondent for the years 1983 through 1985; (2) with respect to that portion of the deficiency determined for 1986 which is not attributable to $ 1,026 which petitioner received as unemployment compensation; and (3) with respect to liability for additions to tax under sections 6651(a)(1), 6653(a), and 6654 for the years 1983 through 1986. We reserve for future determination the proper amount of unemployment compensation to be included in petitioner's *382 1986 gross income, and the proper amount of additions to tax under sections 6651(a)(1), 6653(a), and 6654 for which petitioner is liable in 1986. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. Petitioner alleged that he received these amounts not as wages or compensation for labor, but as pay that he "privately contracted for." This is a distinction without a difference in determining receipts to be included in gross income.
*↩ 50 percent of the interest due on the deficiency determined for each year, respectively.
2. For example, petitioner alleges that: (1) according to Article IV, Section 2, of the United States Constitution↩, he is a citizen of the United States "not subject to its jurisdiction"; (2) notices of deficiency may be issued only by the Office of the Assistant Commissioner (International), Foreign Operations Division, and therefore respondent erroneously classified petitioner as a United States citizen living abroad and earning or receiving foreign income; and (3) respondent has no authority to compute petitioner's tax liability or to post substitutes for returns, or dummy returns, to petitioner's account.
3. Petitioner's IMF records for each year contain the following notation: Tax per T/P- 0.00.↩
**. Petitioner alleged that he received these amounts not as wages or compensation for labor, but as pay that he "privately contracted for." This is a distinction without a difference in determining receipts to be included in gross income.↩
***. Petitioner alleged that he received these amounts not as wages or compensation for labor, but as pay that he "privately contracted for." This is a distinction without a difference in determining receipts to be included in gross income.↩
****. Petitioner alleged that he received these amounts not as wages or compensation for labor, but as pay that he "privately contracted for." This is a distinction without a difference in determining receipts to be included in gross income.↩
4. For the years 1983 through 1986, an addition for failure to pay estimated income taxes is improper where the tax for a taxable year is less than $ 500 and where a resident individual had no tax liability for the preceding 12-month taxable year. Sec. 6654(f) and (h), redesignated for taxable years beginning after December 31, 1984, as sec. 6654(e)(1) and (2) by sec. 411 of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 790. For the years 1984 through 1986, an exception is provided if the addition is waived by the Secretary because of casualty, disaster, unusual circumstances, retirement, or disability. Sec. 6654(e)(3)(A) and (B)↩, effective for taxable years beginning in 1984. See sec. 414(a)(2) of the The Deficit Reduction Act of 1984, 98 Stat. 793.