MARVIN W. AND BARBARA A. HANSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hansen v. Commissioner
Docket No. 16787-86
United States Tax Court
T.C. Memo 1990-470; 1990 Tax Ct. Memo LEXIS 515; 60 T.C.M. (CCH) 637; T.C.M. (RIA) 90470; August 29, 1990, Filed Marvin W. and Barbara A. Hansen, pro se. Steven K. Dick, for the respondent. PARR, Judge. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a $ 1,692.06 deficiency in petitioners' joint individual Federal income tax for calendar year ending December 31, 1982. The deficiency resulted from the inclusion of $ 3,801.20 petitioners received under title VII of the Regional Rail Reorganization Act of 1973 (herein "3R Act"), [1] *516 as amended by the Northeast Rail Service Act of 1981 (herein "NERSA"); [2] a $ 49 decrease in taxable income for sales taxes; and a $ 1,900.86 increase in unemployment compensation. This case is presently before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121. The issues for decision are whether (1) certain payments made to petitioners under the 3R Act, as amended by NERSA, are includable in gross income under section 61, or exempt from taxation under 45 U.S.C. section 797d(b) (1982); and (2) if includable, whether the benefits are "in the nature of unemployment compensation" and, therefore, taxable under section 85. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for taxable year 1982. All Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners resided in Toledo, Ohio, at the time they filed their petition in this case. Unless otherwise indicated, all references to petitioner are to Marvin W. Hansen. *517 During 1982 petitioner, employed with Consolidated Rail Corp. (herein "Conrail"), was laid off work due to actions taken under NERSA. NERSA eliminated thousands of employee positions, repealed [3] the employee protection scheme set forth in title V of the 3R Act, [4] and created title VII employee protection benefits. Pub. L. 97-35, section 1143(a), 95 Stat. 661 (codified as amended at 45 U.S.C. sections 797-797m (1982)). Petitioner met the requirements and was, therefore, one of approximately 4,600 employees eligible to receive the title VII benefits. Petitioner could elect to receive (1) a lump sum $ 20,000 separation allowance, or (2) to remain in furlough status, retain seniority, and receive a daily subsistence allowance, continued health and welfare coverage, new career training assistance, and reimbursement for moving expenses, up to a maximum benefit of $ 20,000. Petitioner elected the latter. *518 Petitioner received a total of $ 3,801.20 in title VII benefits during 1982. No amounts were withheld from the check. Moreover, petitioner did not receive any Forms 1099 or W-2 reflecting the benefit payment. Accordingly, petitioner failed to include the amount on the 1982 return. Respondent determined that the amount received was taxable "U.S. Railroad Retirement" income for the 1982 taxable year. Petitioners assert that the title VII benefits should not be taxable. However, they do not allege any basis in statutory law or judicial decision either for excluding the benefit from their gross income, or for including it as unemployment compensation. On May 25, 1990, respondent filed his Motion for Summary Judgment. Petitioners responded on June 28, 1990. Under Rule 121(a) either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. However, summary judgment is appropriate only "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material *519 fact and that a decision may be rendered as a matter of law." Rule 121(b). See Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner , 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of "phantom factual questions." Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). See Cox v. American Fidelity and Casualty Co., 249 F.2d 616, 618 (9th Cir. 1957). It is not a substitute for trial; disputed factual issues are not to be resolved in such proceedings. Espinoza v. Commissioner, supra.The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Naftel v. Commissioner, supra; Espinoza v. Commissioner, supra.See Weinburger v. Hynson, Westcott, and Dunning, Inc., 412 U.S. 609, 621-622 n.18 (1973); Adickes v. S.H. Kress and Co., 398 U.S. 144, 157 (1970). We are required to view the factual material and inferences drawn therefrom *520 in the light most favorable to the party opposing the motion. Naftel v. Commissioner, supra; Jacklin v. Commissioner, supra; Espinoza v. Commissioner, supra.
Based on the record before us, we are satisfied that respondent carried his burden of proving that there are no genuine issues as to any material fact, and that a decision in this case may be rendered as a matter of law. On May 24, 1988, this Court rendered its opinion in Martin v. Commissioner, 90 T.C. 1078 (1988), affd. 877 F.2d 449 (6th Cir. 1989), and held that benefits received under title VII constituted gross income, not exempted from taxation under 45 U.S.C. section 797d(b) (1982). Additionally, we held that the payments were not "unemployment compensation" within the meaning of section 85. Martin v. Commissioner, supra, was chosen as the test cases involving the taxability of title VII benefits received by approximately 4,500 former employees of Conrail. Martin v. Commissioner, 90 T.C. at 1079. Based on our opinion in Martin v. Commissioner, supra, *521 respondent's motion will be granted. An appropriate order will be issued. Footnotes
1. Pub. L. 93-236, 87 Stat. 985 (1974) (codified as amended at 45 U.S.C. secs. 701-794 (1982)↩).
2. The Northeast Rail Service Act of 1981 was enacted as part of the Omnibus Budget Reconciliation Act of 1981, Pub. L. 97-35, secs. 1131-1169, 95 Stat. 357, 643-687 (codified as amended at scattered sections of 45 U.S.C.).↩
3. NERSA, Pub. L. 97-35, sec. 1144(a)(1), 95 Stat. 357, 669.↩
4. "Title V of the 3R Act, 45 U.S.C. sections 771-780 (1976), created various employee protection benefits for Conrail employees, including monthly displacement allowances, separation allowances, and relocation allowances." Martin v. Commissioner, 90 T.C. 1078, 1079 (1988), affd. 877 F.2d 449↩ (6th Cir. 1989).