T.C. Memo. 2014-12

UNITED STATES TAX COURT

BOBBIE EPHREM a.k.a. BOBBY EPHREM AND DONNA SMITH-EPHREM,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1376-07.                    Filed January 14, 2014.


Marc David Blackman, for petitioners.

Kelley Andrew Blaine, for respondent.


MEMORANDUM OPINION

KROUPA, Judge:  This matter is before the Court on respondent's motion

for partial summary judgment filed pursuant to Rule 121.[1]  Respondent determined

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure,
and all section references are to the Internal Revenue Code, as amended and in

(continued...)

[*2] deficiencies in petitioners' Federal income tax, additions to tax under section 6651(a)(1) and fraud penalties under section 6663 for 2004 and 2005 (years at issue).[2] The sole issue we are asked to decide now is whether an admission by petitioner husband in a prior criminal proceeding establishes as a fact in this civil proceeding the precise amounts by which petitioners understated their net income for the years at issue. We hold that it does not.

## Background

The facts have been assumed for purposes of resolving the pending motion. Petitioners resided in Portland, Oregon, at the time they filed the petition.

## I. Prior Criminal Proceedings

Petitioner husband had been in the business of selling used cars (business) during the years leading up to and including 2006. In late 2006 Internal Revenue Service Criminal Investigation Division special agents (agents) executed search warrants on petitioners' home and business locations. The agents seized more

---

[1](...continued)
effect for the years at issue, unless otherwise indicated.

[2]For 2004 respondent determined a $523,986 deficiency in petitioners' income tax, a $131,277 sec. 6651(a)(1) addition to tax and a $392,990 sec. 6663 fraud penalty. For 2005 respondent determined a $613,631 deficiency in petitioners' income tax, a $153,446 sec. 6651(a)(1) addition to tax and a $460,223 sec. 6663 fraud penalty. All amounts are rounded to the nearest dollar.

[*3] than $2.7 million in cash from petitioners. The agents also seized a trove of business records. Shortly thereafter, respondent made a jeopardy assessment on the seized cash. The District Court for the District of Oregon found the jeopardy assessment to be unreasonable, however, and required respondent to return the seized cash.

Petitioners submitted Federal income tax returns for the years at issue in late 2006. As previously noted, respondent determined deficiencies in petitioners' Federal income tax, additions to tax and fraud penalties for the years at issue. Respondent then issued the deficiency notice to petitioners for the years at issue. Petitioners timely filed a petition for redetermination of respondent's determinations in the deficiency notice. The deficiency proceedings were stayed for a number of years, however, because of the ongoing criminal investigation relating to petitioner husband's business.

## II. Plea Agreement

In 2010 the U.S. Attorney's Office (US Attorney) filed an information charging petitioner husband with one count of filing a false tax return in violation of section 7206(1). In response, petitioner husband hired Cathryn Matthews, a forensic accountant, to calculate his income and tax liabilities for the years at issue. Ms. Matthews calculated that the business suffered a net loss for 2004 and

**[*4]** had no tax liability. Ms. Matthews further calculated that the business had $328,527 of taxable income for 2005 and a $109,555 tax liability.

In 2011 the US Attorney and petitioner husband entered into the plea agreement, which closed the criminal investigation relating to petitioner husband's business. Paragraph 5 of the plea agreement concerns criminal sentencing factors and contains the operative language for purposes of the pending motion.

The parties agreed under paragraph 5.a. of the plea agreement that the US Attorney could establish that petitioner husband understated his net income by $510,085 for 2004 and $505,940 for 2005. The parties further agreed under paragraph 5.b. that the tax loss for purposes of sentencing was $109,000.[3] Petitioner husband paid respondent $109,000 consistent with the plea agreement at the time he was sentenced to prison.

III. Petition and Answer

As previously noted, respondent issued the deficiency notice for the years at issue and petitioners timely filed a petition for redetermination. Respondent now moves for partial summary judgment.

---

[3]The tax loss of $109,000 resulted in a criminal offense level 16 with a reduction of three levels for acceptance of responsibility.

**[*5]**                                    <u>Discussion</u>

I. <u>Introduction</u>

We are asked to decide whether petitioner husband's admission in a prior criminal proceeding that the US Attorney could establish that he understated his net income by $510,085 for 2004 and $505,940 for 2005 establishes as a fact in the present civil proceeding the precise amounts by which petitioners understated their net income for the years at issue. Respondent urges this Court to conclude that petitioner husband's admission does just that.[4] Petitioners counter that there are issues of fact regarding the amounts by which petitioners understated their income for the years at issue and, therefore, the pending motion must be denied.[5] We agree with petitioners.

II. <u>Standard of Review</u>

We now consider the standard of review for granting a motion for partial summary judgment. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>See, e.g.</u>, <u>FPL Grp., Inc. & Subs. v.</u>

---

[4]Respondent avoids using the usual collateral estoppel argument in favor of an argument that appears to be one of its close relatives.

[5]Petitioners also argue that issue preclusion is inapplicable to this issue. Respondent has not argued that issue preclusion applies. We therefore need not and do not address petitioners' issue preclusion argument.

[*6] Commissioner, 116 T.C. 73, 74 (2001). A motion for summary judgment or partial summary judgment will be granted if the pleadings and other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). The moving party bears the burden of proving that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law. See, e.g., Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002). Summary judgment is not a substitute for trial and should not be used to resolve disputes over factual issues. See Waxler v. Commissioner, T.C. Memo. 1979-425 (citing Cox v. Am. Fid. & Cas. Co., 249 F.2d 616 (9th Cir. 1957)).

III. Admission Regarding Understatement of Net Income

We now consider whether petitioner husband's plea agreement admission establishes the precise amounts by which petitioners understated their net income for the years at issue. A taxpayer's admission in a plea agreement from a prior criminal proceeding as to the precise amount by which he or she understated net income constitutes strong evidence of the understatement amount. It does not, however, establish that there is no issue of fact as to the precise understatement

[*7] amount.  See <u>Uscinski v. Commissioner</u>, T.C. Memo. 2006-200; <u>Livingston v. Commissioner</u>, T.C. Memo. 2000-121.

Respondent concedes that petitioners are not collaterally estopped from challenging the precise amounts by which they understated their net income for the years at issue.  Respondent nevertheless contends that we should grant partial summary judgment to establish the precise amounts by which petitioners understated their net income for the years at issue.  Respondent relies on petitioner husband's plea agreement admission that the Government could establish that he understated his net income by $510,085 for 2004 and $505,940 for 2005.

Petitioners contend that the statements in the plea agreement are merely a recitation of what the Government could establish but are not an implicit or explicit agreement as to the correctness of the precise amounts.  Petitioners further argue that the understatement amounts in paragraph 5.a. cannot be correct because they would not result in the tax loss amount in paragraph 5.b.  Petitioners continue that the tax loss of $109,000 in paragraph 5.b. was the real amount at issue in the criminal case because it had the potential to affect the length of petitioner husband's criminal sentence.

Petitioner husband's admission in the prior criminal proceeding as to the amounts by which he understated net income constitutes strong evidence of the

**[*8]** understatement amounts.  It does not, however, establish that there is no issue of fact as to the precise understatement amounts.  See Uscinski v. Commissioner, T.C. Memo. 2006-200.

Resolving, as we must, all doubts against respondent as the party moving for partial summary judgment, we conclude that respondent failed to carry his initial burden to show that there is no triable issue of fact with respect to the precise amounts by which petitioners understated their net income for the years at issue.  See id.  Respondent's motion will be denied.

In reaching these holdings, we have considered all of the parties' arguments, and, to the extent not addressed, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

An appropriate order will be issued.